IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| RAIN INTERNATIONAL, LLC,<br><br>      Plaintiff,<br>v.<br><br>CHRISTINA RAHM COOK, et al.,<br><br>      Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO CONSOLIDATE AND TRANSFERRING CASES TO JUDGE PARRISH**<br><br>Case No. 2:20-cv-00537-JNP-DBP<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Dustin B. Pead |

  This matter is before the court on Defendants Christina Rahm Cook ("Cook"), International Seed Nutrition Society ("ISNS"), and Predicted Health Ventures' ("PHV") motion to consolidate pursuant to Fed. R. Civ. P. 42(a). ECF No. 97. Defendants ask the court to consolidate this case with three other cases pending in the District of Utah:

- *Merci Dupre Ventures, LLC v. Teton Labs, LLC*, Case No. 2:21-cv-00288-HCN-CMR (D. Utah, filed May 5, 2021) (the "288 Case");

- *Predicted Health Ventures, LLC v. Rain Int'l, LLC*, Case No. 2:21-cv-00541-TC-JCB (D. Utah, filed Nov. 12, 2020) (the "541 Case"); and

- *Christina Rahm Cook v. Rain Int'l, LLC, et al.*, Case No. 2:21-cv-00542-JNP-DBP (D. Utah, filed Sept. 30, 2020) (the "542 Case").

In response to Defendants' motion, Plaintiff Rain International, LLC ("Rain") requests that the court consolidate the cases for the purposes of pretrial discovery and pretrial conferences but deny consolidation for trial. Additionally, counsel for Travis Parry ("Parry"), a Third-Party Defendant,

and Teton Labs, LLC ("Teton"), a party in a case up for consolidation, requests that the court deny the motion to consolidate entirely.

Because oral argument on the motion would not significantly aid in the court's decision, the court issues the following memorandum decision and order based on the parties' briefing and the law and facts relevant to the motion. Rather than consolidate the cases, the court sua sponte transfers each of the actions in question to Judge Parrish. It will synchronize schedules and decisions regarding pre-trial motions and discovery in each case, while retaining the discretion to fully consolidate the cases for trial.

Federal Rule of Civil Procedure 42(a) authorizes the consolidation of cases "involving a common question of law or fact." Fed. R. Civ. P. 42(a). The court's determination of whether to consolidate cases is discretionary. *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978). The Local Rules also authorize judges to transfer related cases in the interest of judicial economy and fairness. "Whenever two or more related cases are pending before different judges of this court, any party to the later-filed case may file a motion and proposed order to transfer the case to the judge with the lower numbered case." DUCivR 83-2(g). "The transfer of cases may also be addressed sua sponte by the court." *Id*. The decision to transfer is made by the judge assigned the lowest-numbered case; however, the judges assigned to the cases "will confer about the appropriateness of the requested transfer."[1] *Id*. The following factors, among others, are considered in determining whether a case should be transferred: (1) whether the cases involve substantially the same parties or property; (2) whether the cases call for a determination of the same or substantially related questions of law and fact; and (3) whether the cases would entail substantial duplication of labor or unnecessary court costs or delay if heard by different judges. *Id*.

---

[1] The court has conferred with Judge Nielson and Judge Campbell on this issue.

Here, the court is satisfied that transferring the two higher-numbered cases currently assigned to Judge Nielson and Judge Campbell to Judge Parrish is appropriate. First, each of these cases substantially arises from a dispute between two parties, Cook and Rain. While the court recognizes there are other parties involved in the cases at issue, these parties are businesses and individuals that are closely associated with the main players. Second, the cases call for a determination of the same, or substantially similar, questions of fact. In each case, a finder of fact will have to unravel the complicated relationship between Cook and Rain. To do so, it must determine whether Cook misrepresented her qualifications, what work Cook performed for Rain, and whether rain paid Cook for her work. Even though the cases focus on different contracts, ultimately the parties' factual claims are all inextricably intertwined. Third, having the same district court judge resolve the similar issues in each case will reduce delay and court costs. The issues at play are complicated enough that it makes little sense for three judges to independently learn the overlapping facts that will be relevant to fair determinations in these cases.

Accordingly, the court holds that transfer of the 288 Case and the 541 Case from Judge Nielson and Judge Campbell respectively to Judge Parrish is appropriate.

Thus, IT IS HEREBY ORDERED:

1. Defendants' motion to consolidate cases, ECF No. 110, is DENIED;

2. The clerk of the court is directed to transfer *Merci Dupre Ventures, LLC v. Teton Labs, LLC*, Case No. 2:21-CV-00288-HCN-CMR (D. Utah, filed May 5, 2021), from Judge Nielson to Judge Parrish;

3. The clerk of the court is directed to transfer *Predicted Health Ventures, LLC v. Rain Int'l, LLC*, Case No. 2:21-CV-00541-TC-JCB (D. Utah, filed Nov. 12, 2020), from Judge Campbell to Judge Parrish; and

4. The transferred cases will remain separate cases with their own dockets and scheduling orders. However, the court retains discretion to later consolidate some or all of the cases for trial if it determines that fully consolidation is appropriate.

DATED February 10, 2023

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge