IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| RAIN INTERNATIONAL, LLC,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTINA RAHM COOK, et al.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER PARTIALLY GRANTING AND PARTIALLY DENYING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Case No. 2:20-cv-00537-JNP-DBP<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Dustin B. Pead |

This case arises from a dispute between Plaintiff Rain International, LLC ("Rain") and Defendants Christina Rahm Cook ("Cook"), Personalized Healthcare Solutions, LLC ("PHS"), Simply Wholeistic Inc. ("Simply"), Clayton Thomas ("Thomas"), Predicted Health Ventures, LLC ("PHV"), Susan Corbo ("Corbo"), International Seed Nutrition Society, LLC ("ISNS"), and Does 1-5. Before the court is Cook, PHV, and ISNS's motion for judgment on the pleadings. For the following reasons, the court partially GRANTS the motion and partially DENIES the motion.

## FACTUAL BACKGROUND

Rain is a nutrition and wellness company that sells dietary supplements and personal care products. It disseminates its products by selling to a network of individual distributors. Rain and Cook signed contracts in September 2016, February 2017, November 2017, and December 2019 (collectively, "the Agreements"). In each, Rain engaged Cook as an independent contractor to take on roles such as "Chief Scientific Officer" and "Chief Director of Rain's Scientific Advisory Board." The contracts guaranteed monthly compensation for Cook in exchange for assistance with product development and marketing. The February and November 2017 Agreements both

contained "exclusivity" clauses that barred Cook from competing against Rain for six-months after the expiration of these two agreements, or the expiration of any extension to the agreements. ECF Nos. 97-2, 97-3. The 2019 Agreement contained a non-compete clause that did not explicitly bar Cook from competing against Rain after the expiration or termination of the agreement. ECF No. 97-1.

This action pertains to several disputes arising from the Agreements. First, Rain claims that it hired Cook based on its understanding that she was a highly qualified research scientist. Indeed, most of the contracts explicitly state that Cooks' qualifications were a foundation of the agreement. *See* ECF No. 7-3, at 2 ("Whereas, Dr. Cook has extensive experience and education as a research scientist . . . ."); ECF No. 7-5, at 2 (same); *id.* at 11 (same). But Rain alleges that Cook misrepresented her scientific credentials. In particular, Rain contends that—contrary to her representations—Cook does not have a PhD, nor does she have extensive scientific knowledge or work experience in scientific fields. Second, Rain argues that it paid Cook for services that she never provided. Instead of fulfilling her contractual obligations, Cook allegedly used her time and Rain's resources to develop products, based on Rain's proprietary formulas, that directly competed with her employer. Third, Rain claims that PHV and ISNS improperly used "resources and funding provided under contract by Rain" and "launch[ed] competing business endeavors and products competitive to Rain, in violation of Cook's agreement(s)." ECF No. 2-2 at 17-18.

On June 23, 2020, Rain filed a complaint in the Fourth Judicial District Court of Utah. ECF No. 2-2. This complaint, which was removed to federal court, contains five causes of action against Defendants based on the aforementioned allegations: (1) breach of contract and the covenant of good faith and fair dealing, (2) fraud/fraudulent misrepresentation, (3) negligent misrepresentation, (4) conspiracy, and (5) unjust enrichment. Rain names Cook as a defendant for each cause of action

and ISNS and PHV as defendants for its fourth cause of action. The court now examines whether to render a judgment on the pleadings and dismiss any or all of these claims.

## LEGAL STANDARD

"After the pleadings are closed—but early enough not to delay the trial—a party may move for judgement on the pleadings." Fed. R. Civ. P. 12(c). Such a motion "is treated as a motion to dismiss under Rule 12(b)(6)." *Atl. Richfield Co. v. Farm Credit Bank*, 226 F.3d 1138, 1160 (10th Cir. 2000). Dismissal is appropriate if the plaintiff's "allegations fail to 'state a claim to relief that is plausible on its face.'" *See Myers v. Koopman*, 738 F.3d 1190, 1193 (10th Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).

## ANALYSIS

### I.   FIRST CLAIM: BREACH OF SERVICES AGREEMENTS (COOK)

Rain's cause of action for breach of contract and the covenant of good faith and fair dealing is supported by several theories of liability. It claims that Cook breached the Agreements by (1) "failing to develop products for Rain," (2) "developing products for competitors of Rain," (3) "marketing and selling products that compete with Rain's products," and (4) "affiliating with a business that is in competition with Rain." ECF No. 2-2 at 13. It also argues that Cook breached her covenant of good faith and fair dealing by (1) "misleading Rain regarding her qualifications, education, and experience," and (2) "divert[ing] funds allocated to Cook for the development of certain research and marketing to benefit Rain by using such funds for the benefit of Cook." *Id*. The complaint does not specify a date or time period in which these breaches allegedly occurred.

Cooks seeks to bar Plaintiff from pursuing only one breach of contract theory. She argues that, as a matter of law, the post-termination non-compete covenant included in the February and November 2017 Agreements was unenforceable after the parties signed the December 2019 Agreement, which did not include a post-termination non-compete. In other words, Cook attempts

to limit the scope of actions that could have violated a non-compete agreement to those that took place *before* the expiration/termination of the December 2019 Agreement. The court declines to grant Defendants' request for judgment on the pleadings. Plaintiff's complaint makes no reference to the December 2019 Agreement. It is based only on the 2016 and 2017 Agreements. Because courts may look only to a plaintiff's complaint to decide a motion for judgment on the pleadings, Cook's request to dismiss this theory of liability must be denied.

The "function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991)). This means that "when matters outside the pleadings are presented to and not excluded by the court," this evidence must not be incorporated into a motion to dismiss. Fed. R. Civ. P. 12(d). Instead, the court must convert the motion into "one for summary judgment under Rule 56."[1] *Id*.

Here, Plaintiff's complaint contains no reference to the December 2019 Agreement. The November 2017 Agreement is the final employment contract mentioned. Cook argues that, because the parties stipulated to the existence of the December 2019 Agreement after the filing of the complaint, the court can consider it when ruling on this motion. Cook's proposal is tempting since there is no dispute as to the existence of the contract or its applicability to the matter at hand. But at this juncture the court is wary of examining the December 2019 Agreement because dismissing a Plaintiff's claim using evidence outside the pleadings "is reversible error unless the dismissal can be justified without

---

[1] There is an exception to this rule. District courts "may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002) (emphasis added) (citing *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997)). Since the complaint does not refer to the December 2019 agreement, this exception is inapplicable.

considering the outside materials." *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

Because Rule 12(d) applies to the December 2019 Agreement, the court has two choices. It can either exclude the December 2019 Agreement when deciding Cook's motion or it can consider it and convert the motion into a motion for summary judgment, while giving the parties a "reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Fed. R. Civ. P. 12(d). The court exercises its discretion to exclude the December 2019 Agreement because this case is not yet ripe for summary judgment. The parties have not completed discovery and the court prefers to decide all summary judgement questions in a single order.

With evidence of the December 2019 Agreement excluded, Cook's request to bar Plaintiff from advancing theories of breach of contract relying on the post-termination non-compete collapses. If the court may rely only on the February and November 2017 contracts' exclusivity clause, it cannot dismiss Rain's claim that Cook is in breach for competing with Rain "during the Term of [the] Agreement, and for a period of six (6) months after the expiration of [the] Agreement or any extension thereto." ECF No. 97-2 at 3. Of course, on a motion for summary judgment, the parties will be able to introduce evidence of the December 2019 Agreement (and hopefully evidence pertaining to timing of the alleged breach of contract). At that juncture, the court will decide whether to allow Plaintiff's breach of contract and covenant of good faith and fair dealing claim to proceed to trial.

## II.   SECOND AND THIRD CLAIMS: FRAUD AND MISREPRESENTATION (COOK)

Rain's second and third causes of action, respectively, allege that Cook is liable for fraud/fraudulent misrepresentation and negligent misrepresentation. In sum, Rain claims that Cook misrepresented her qualifications and experience to induce Rain to enter the Agreements and do

business with her. Outside of the Agreements, Rain does not allege that Cook's misrepresentations improperly induced any action or additional business relationship. The court dismisses these claims due to the economic loss rule.

In Utah, the economic loss rule requires that "when a conflict arises between parties to a contract regarding the subject matter of that contract, the contractual relationship controls, and parties are not permitted to assert actions in tort." *HealthBanc Int'l, LLC v. Synergy Worldwide, Inc.*, 435 P.3d 193, ¶ 23 (Utah 2018). "[T]he economic loss rule applies to fraudulent inducement claims that overlap completely with a breach of contract claim." *Id*. (quoting *Reighard v. Yates*, 285 P.3d 1168, ¶ 20 (Utah 2012)).

Here, the fraud and misrepresentation claims in Plaintiff's complaint overlap completely with its breach of contract claim. The complaint specifically alleges that the Agreements were the product of Cook's purported fraud and misrepresentation and constituted a breach of those same agreements. It also does not allege that Defendant's misrepresentations induced any actions not governed by the contract. Moreover, the Agreements contain recitals explicitly reflecting the alleged representations at issue, namely that "Dr. Cook has extensive experience and education as a research scientist . . . ."[2] ECF Nos. 97-2; 97-3; 97-4; *See also* ECF No. 97-1 (the December 2019 Agreement describes Cook as "Dr. Christina Rahm Cook"). It is clear that Plaintiff's fraud and misrepresentation claims are "mere reproductions" of its contract claims. *HealthBanc Int'l, LLC*, 435 P.3d at ¶ 23. Thus, the court dismisses claims two and three under the economic loss rule.

---

[2] Plaintiff requests that the court clarify that its breach of contract claim will provide a vehicle by which it may recover for Cook's representations both before contracting with Rain and after contracting with Rain. The court agrees that the breach of contract claim provides such a vehicle.

### III.   FOURTH CLAIM: CONSPIRACY (COOK, ISNS, PHV)

Plaintiff's fourth cause of action pleads that ISNS and PHV impermissibly conspired with Cook to establish businesses to create and promote products in competition with Rain's products. The court dismisses this claim as to the Defendants filing this motion. "The claim of civil conspiracy 'require[s], as one of [its] essential elements, an underlying tort.'" *Puttuck v. Gendron*, 199 P.3d 971, ¶ 21 (Utah Ct. App. 2008) (quoting *Coroles v. Sabey*, 79 P.3d 974, ¶ 36 (Utah Ct. App. 2003)). "[I]n order to 'sufficiently plead' a claim for civil conspiracy, a plaintiff is 'obligated to adequately plead the existence of such a tort.'" *Id*. Where a plaintiff has "not adequately pleaded any of the basic torts they allege . . . dismissal of the[] civil conspiracy claim is appropriate." *Corales*, 79 P.3d at ¶ 38.

Here, the only conspiracy Rain alleges is that Defendants conspired to breach Cook's obligations under the Agreements by taking steps to compete with Rain. ECF No. 2-2 at ¶ 96. But this breach of Cook's contractual obligation is not a tort. *See Peterson v. Browning*, 832 P.2d 1280, 1284 (Utah 1992) (explaining the distinction between a tort and contract claim). The only torts Rain alleges in its complaint are fraud and misrepresentation, but it does not plead that Defendants conspired to commit such offenses. Even if Rain did allege a conspiracy to commit fraud and misrepresentation, the point is moot because the court is dismissing both claims under the economic loss rule. Ultimately, Plaintiff alleges no tort on which to base its conspiracy cause of action. Thus, the court dismisses Rain's fourth cause of action as to the Defendants filing this motion.[3]

---

[3] Thomas does not join in this present motion to dismiss; however, the court will dismiss the conspiracy claim against him if he submits his own short motion to dismiss.

## IV.   FIFTH CLAIM: UNJUST ENRICHMENT (COOK)

Plaintiff pleads, in the alternative, that Cook was unjustly enriched by her breach of the Agreements. The court dismisses this claim as the unjust enrichment cause of action "is designed to provide an equitable remedy where one does not exist at law." *AGTC Inc. v. CoBon Energy LLC*, 447 P.3d 123, ¶ 19 (Utah Ct. App. 2019) (internal quotation marks and citations omitted). "If a legal remedy is available, such as breach of an express contract, the law will not imply the equitable remedy of unjust enrichment." *American Towers Owners Ass'n, Inc. v. CCI Mech., Inc.*, 930 P.2d 1182, 1193 (Utah 1996). Here, Plaintiff has a remedy at law for breach of its express contract with Cook.

Plaintiff argues, however, that "[t]he purpose of alternative pleading is to allow the pleader to seek relief when the pleader is uncertain about the facts that will be developed during the course of an action as well as to present several alternative explanations of the evidence to the fact finder." *Alternative Pleading, WEX Legal Dictionary* (2020). If this is the case, according to Rain, the court should allow it to maintain this cause of action to preserve the argument that, if it did not pay Cook pursuant to a valid and binding contract, it still provided Cook with money with the expectation of receiving value in return, but received nothing.

But Plaintiff provides no authority suggesting that it may establish an unjust enrichment cause of action in these circumstances. Defendants, on the other hand, provide the court precedent undermining Plaintiff's understanding of the unjust enrichment cause of action. In *Anapoell v. Am. Express Bus. Fin. Corp.*, a Utah court held that "[t]he issue is not whether [a plaintiff] has a valid breach of contract claim, but whether an enforceable contract exists that provides the possibility of a legal remedy." No. 2:07-CV-198-TC, 2007 WL 4270548 at *6 (D. Utah Nov. 30, 2007). In other words, when the enforceability and validity of a relevant contract is not in dispute, a plaintiff may not bring an unjust enrichment claim *even if* additional facts arise that would cause her breach

of contract claim to fail. Since Defendants do not dispute the existence of a relevant, enforceable, and valid contract, the court dismisses Plaintiff's fifth cause of action.

## CONCLUSION

For the aforementioned reasons, the court GRANTS Defendants' motion for judgment on the pleadings as to Rain's second, third, fourth, and fifth causes of action and DENIES Defendants' motion for judgment on the pleadings as to Rain's first claim.


DATED February 10, 2023

BY THE COURT

Jill N. Parrish
United States District Court Judge