IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| RAIN INTERNATIONAL, LLC,<br><br>Plaintiff,<br>v.<br><br>CHRISTINA RAHM COOK, et al.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DISMISSING PLAINTIFF'S CLAIM AGAINST CLAYTON THOMAS**<br><br>Case No. 2:20-cv-00537-JNP-DBP<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Dustin B. Pead |

Defendant Clayton Thomas moves to dismiss Plaintiff Rain International, LLC's ("Rain") conspiracy claim against him pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 135. The court GRANTS Thomas's motion and dismisses the claim against him.

## ANALYSIS

On February 10, 2023, the court issued a memorandum decision and order granting in part and denying in part a motion for judgment on the pleadings filed by Defendants Christina Rahm Cook, Predicted Health Ventures, LLC, and International Seed Nutrition Society, LLC (the "Cook Defendants"). ECF No. 133. This decision explained that the court was dismissing Rain's tort claims against the Cook Defendants under the economic loss rule because the claims were based solely on a contractual relationship. *Id*. at 5-6. The economic loss rule requires that "when a conflict arises between parties to a contract regarding the subject matter of that contract, the contractual relationship controls, and parties are not permitted to assert actions in tort." *HealthBanc Int'l, LLC v. Synergy Worldwide, Inc.*, 435 P.3d 193, ¶ 23 (Utah 2018).

When the court dismissed the tort claims against the Cook Defendants, it dismissed the underlying claim upon which Rain's separate conspiracy cause of action was based. "The claim of civil conspiracy 'require[s], as one of [its] essential elements, an underlying tort.'" *Puttuck v. Gendron*, 199 P.3d 971, ¶ 21 (Utah Ct. App. 2008) (quoting *Coroles v. Sabey*, 79 P.3d 974, ¶ 36 (Utah Ct. App. 2003)). Thus, the court simultaneously dismissed the conspiracy claim pending against the Cook Defendants. ECF No. 133 at 7.

When the court dismissed the conspiracy claim against the Cook Defendants, it also recognized that Rain's conspiracy claim against Thomas was no longer valid due to the lack of an underlying tort claim in the case. But because Thomas was not a party to the Cook Defendants' motion for judgment on the pleadings and because Thomas had separately filed a motion to compel arbitration, the court could not dismiss the conspiracy claim against him. ECF No. 83. Still, the court explained in a footnote that it would "dismiss the conspiracy claim against him if he submit[ted] his own short motion to dismiss." *Id*. at 7 n.3.

On February 22, 2023, Thomas filed this motion citing the court's memorandum decision. ECF No. 135. Within its pages, Thomas stipulated that it was unnecessary for the court to rule on his motion to compel arbitration if it dismissed the conspiracy claim against him.[1] *Id*. at 2. This stipulation resolved any concern that the court may lack jurisdiction to dismiss the claims against Thomas. Plaintiff did not oppose the motion to dismiss in the 28 days provided for by DUCivR 7-1(a)(4)(A)(iii). As such, the court now dismisses Rain's claim as to Thomas.

## CONCLUSION AND ORDER

For the aforementioned reasons, the court GRANTS Thomas's motion to dismiss.

---

[1] If Rain amends it complaint to include additional claims against Thomas, the court will allow Thomas to file a new motion to compel arbitration.

DATED March 23, 2023

                                                  BY THE COURT

                                                  _____
                                                  Jill N. Parrish
                                                  United States District Court Judge